1

2

3

4

5

6

7    **UNITED STATES DISTRICT COURT**

8    EASTERN DISTRICT OF CALIFORNIA

9

10   CARLOS ALVAREZ,                          Case No. 1:12-cv-00937-DLB PC

11              Plaintiff,                    **ORDER DISMISSING COMPLAINT FOR
                                              FAILURE TO STATE A CLAIM WITH**
12        v.                                  **LEAVE TO AMEND**

13   JAMES A. YATES, et al.,                  ECF No. 1

14              Defendants.                   RESPONSE DUE WITHIN THIRTY DAYS

15

16   **I.    Background**

17        Plaintiff Carlos Alvarez ("Plaintiff") is a prisoner in the custody of the California Department

18   of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in

19   this civil action pursuant to 42 U.S.C. § 1983.  On June 11, 2012, Plaintiff filed his complaint.  ECF

20   No. 1.

21        The Court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28   claim upon which relief may be granted."  *Id.* § 1915(e)(2)(B)(ii).

1

1    A complaint must contain "a short and plain statement of the claim showing that the pleader

2    is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

3    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

4    do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550

5    U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

6    claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual

7    allegations are accepted as true, legal conclusions are not.  *Id.*

8    **II.    Summary of Complaint**

9    Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California,

10   and Corcoran State Prison ("CSP") in Corcoran, California, where the events giving rise to this

11   action occurred.  Plaintiff names as Defendants: director of CDCR M. Cates; warden of PVSP James

12   Yates; PVSP medical staff; CSP medical doctor J. Neubarth; and CSP nurse practitioner Saipher.

13   Plaintiff alleges the following.  On September 30, 2005, Plaintiff's Fifth, Eighth, and

14   Fourteenth Amendment rights were violated by correctional officers, nurses, and doctors, who were

15   all aware of Plaintiff's injuries and did nothing.  Defendants at CSP are all aware of the severe pain

16   that Plaintiff is experiencing and are not expediting Plaintiff's chronic care program.

17   Plaintiff contends a violation of the Due Process Clause of the Fifth and Fourteenth

18   Amendments, and a violation of the Eighth Amendment for deliberate indifference to his health and

19   safety.  Plaintiff requests as relief: declaratory relief, compensatory and punitive damages, and for all

20   Defendants to provide present and future medical care.

21   **III.   Analysis**

22   **A.    Linkage and Rule 20 of the Federal Rules of Civil Procedure**

23   Plaintiff names Defendants at both CSP and PVSP.  Plaintiff however fails to make specific

24   allegations against Defendants at PVSP.  To state a claim under § 1983, a plaintiff must allege that

25   (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured

26   by the Constitution or federal law.  *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.

27   2006).  Plaintiff's claim against "PVSP medical staff" is not a cognizable person subject to § 1983

28   liability.

2

1    Plaintiff's allegations are also in violation of Rule 20(a)(2) of the Federal Rules of Civil

2    Procedure. Pursuant to Federal Rule of Civil Procedure 20(a), persons may be joined in one action as

3    defendants if any right to relief asserted against them arises out of the same transaction, occurrence,

4    or series of transactions and occurrences, and any question of law or fact common to all defendants

5    will arise in the action. *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated

6    claims against unrelated defendants belong in different suits"). Plaintiff's allegations against CSP

7    Defendants at CSP are unrelated to his claims against PVSP Defendants and are not permitted to

8    proceed in the same action. Plaintiff is warned that if he again files a pleading containing unrelated

9    claims against unrelated Defendants, the action will be dismissed for failure to obey a court order.

10   **B.    Eighth Amendment**

11   The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not

12   mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation

13   omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth

14   Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized

15   measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in

16   doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296

17   F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an

18   objective and a subjective prong. First, the alleged deprivation must be, in objective terms,

19   "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298

20   (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate

21   health or safety . . . ." *Id.* at 837.

22   "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this

23   standard, the prison official must not only 'be aware of the facts from which the inference could be

24   drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"

25   *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the

26   risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the

27   risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

28   Plaintiff fails to state an Eighth Amendment claim against Defendants Neubarth and Saipher.

3

1   Plaintiff makes no allegations which demonstrate that Defendants knew of and disregarded an

2   excessive risk of serious harm to Plaintiff's health.

3       **C.      Due Process**

4       Plaintiff contends a violation of the Due Process Clause of the Fifth and Fourteenth

5   Amendments.  With respect to the Due Process Clause of the Fifth Amendment, Plaintiff fails to

6   state a claim.  The Due Process Clause of the Fifth Amendment is applicable only to the federal

7   government, not state actors.  *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008).

8       With respect to the Due Process Clause of the Fourteenth Amendment, "where a particular

9   amendment provides an explicit textual source of constitutional protection against a particular sort of

10  government behavior, that Amendment, not the more generalized notion of substantive due process,

11  must be the guide for analyzing a plaintiff's claims."  *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir.

12  1996) (citations, internal quotations, and brackets omitted).  Thus, Plaintiff's due process claim will

13  be dismissed in light of the applicability of the Eighth Amendment.

14      **D.      Supervisory Liability**

15      Plaintiff names M. Cate, the director of CDCR, as a Defendant.  The term "supervisory

16  liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 556

17  U.S. at 677.  "Government officials may not be held liable for the unconstitutional conduct of their

18  subordinates under a theory of *respondeat superior*."  *Id.* at 676.  Rather, each government official,

19  regardless of his or her title, is only liable for his or her own misconduct.  *Id.* at 677.  When the

20  named defendant holds a supervisory position, the causal link between the defendant and the claimed

21  constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th

22  Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under §

23  1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either:

24  personally participated in the alleged deprivation of constitutional rights or knew of the violations

25  and failed to act to prevent them. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff

26  alleges no facts which indicate that Defendant Cate personally participated in the alleged deprivation

27  of constitutional rights or knew of violations and failed to act to prevent them.

28  //

4

1    **IV.    Conclusion and Order**

2         Plaintiff fails to state any cognizable federal claims against any Defendants.  The Court will

3    provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies

4    identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

5    Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended

6    complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

7         If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P.

8    8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's

9    constitutional or other federal rights.  *See Iqbal*, 556 U.S. at 678.   Although accepted as true, the

10   "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."

11   *Twombly*, 550 U.S. at 555.

12        Finally, Plaintiff is advised that an amended complaint supersedes the original complaint,

13   *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*,

14   *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. Aug. 29, 2012) (en banc); *King v. Atiyeh*,

15   814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or

16   superseded pleading," L. R. 220.

17        Accordingly, based on the foregoing, it is HEREBY ORDERED that:

18        1.    The Clerk's Office shall send Plaintiff a complaint form;

19        2.    Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first

20   amended complaint within **thirty (30) days** from the date of service of this order;

21        3.    Plaintiff may not add any new, unrelated claims to this action via the first amended

22   complaint and any attempt to do so may result in an order striking the first amended complaint; and

23        4.    If Plaintiff fails to comply with this order, the Court will dismiss this action for failure

24   to obey a court order and failure to state a claim.

25
     IT IS SO ORDERED.
26

27        Dated:    **March 11, 2013**                    /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE
28

                                               5