1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   CARLOS ALVAREZ,                      Case No. 1:12-cv-00937 DLB PC

12            Plaintiff,                  ORDER DENYING PLAINTIFF'S
                                          MOTION FOR RECONSIDERATION
13       v.
                                          [ECF No. 15]
14   JAMES A. YATES, et al.,

15            Defendants.

16

17        Plaintiff Carlos Alvarez ("Plaintiff") is a California state prisoner proceeding pro se in this

18   civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 11, 2012.[1]  On March

19   12, 2013, the Court dismissed Plaintiff's complaint with leave to amend.  On May 31, 2013, Plaintiff

20   filed a first amended complaint.  On September 30, 2013, the Court dismissed Plaintiff's first

21   amended complaint for failure to state a claim.  Plaintiff was granted thirty days to file a second

22   amended complaint.  On November 13, 2013, the Court granted Plaintiff an additional thirty days to

23   file a second amended complaint.  Plaintiff was cautioned that failure to file an amended complaint

24   would result in dismissal of the action for failure to obey a court order and failure to state a claim.

25   More than thirty days passed and Plaintiff failed to comply or otherwise respond to the Court's

26   order.  Accordingly, the complaint was dismissed with prejudice on August 13, 2014.

27        On August 29, 2014, Plaintiff filed the instant motion for reconsideration.

28

---

[1] On June 11, 2012, Plaintiff consented to the jurisdiction of the Magistrate Judge.

**DISCUSSION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests that the Court reconsider the order dismissing the action because English is not Plaintiff's habitual language, and he relies on others to assist him due to his language difficulties. He further claims that he tried and acted with due diligence in bringing the matter to the Court in a proper and timely fashion. He also states that he submitted an inmate request form to obtain a copy of his trust accounts statement in order to proceed in this matter but he received no

reply so he submitted another request.  Finally, he claims he is lacking in knowledge in general in conducting legal matters.

Plaintiff's arguments are completely insufficient to merit reconsideration.  Plaintiff was granted thirty days to file a second amended complaint.  He requested an additional thirty days, which the Court granted.  Thereafter, Plaintiff failed to comply or respond to the Court's order in any manner for a period of eight months until the Court ultimately dismissed the action.  Contrary to his claim, Plaintiff did not act in a timely or diligent fashion.  His arguments provide no excuse for failing to respond to the Court's order for a period of eight months.  The fact that he did not receive a response to his request for a trust account statement is irrelevant, since there was no need for such a document in this case.  Plaintiff's claimed lack of legal knowledge and difficulties with the English language are not extraordinary circumstances sufficient to justify excusing an eight month failure to comply.

### ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **September 10, 2014**          /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE

3